TRI–STATE EMPLOYMENT
SERVICES, INC., Plaintiff–
Appellant,

v.

THE MOUNTBATTEN SURETY
COMPANY, INC., Defendant–
Appellee.

Docket No. 01–7676.

United States Court of Appeals,
Second Circuit.

Argued: March 6, 2002.

Question certified to the New York Court
of Appeals: July 9, 2002.

Decided: May 8, 2003.

William J. Turkish, Law Office of Wil-
liam J. Turkish, PLLC, Jericho, NY, for
Plaintiff–Appellant.

James M. Mulvaney, McElroy, Deutsch
& Mulvaney LLP, Morristown, NJ, for
Defendant–Appellee.

Before: CALABRESI and
CABRANES, Circuit Judges, and
AMON,* District Judge.

PER CURIAM.

Plaintiff–Appellant Tri–State Employ-
ment Services, Inc. ("Tri–State"), a New
York corporation, appeals from a memo-
randum and order of the United States
District Court for the Southern District of
New York (Knapp, *J.*) granting summary
judgment in favor of Defendant–Appellee
The Mountbatten Surety Company, Inc.
("Mountbatten"), a Pennsylvania corpora-
tion. *Tri–State Employment Servs. v.
Mount Batten Sur. Co.*, No. 99 Civ. 9684,
2001 WL 487423 (S.D.N.Y. May 7, 2001).
Mountbatten is a licensed surety company
engaged in the business of issuing bonds in
connection with construction contracts. At

issue in this case is whether Tri–State, a
Professional Employer Organization
("PEO") or employee leasing company, is a
proper bond claimant under a surety bond
issued by Mountbatten to Team Star Con-
tractors, Inc. in connection with a con-
struction project in Quincy, Massachusetts.
The district court held that Tri–State was
not a proper claimant because, as a PEO,
Tri–State does not provide " 'labor and
materials' as the terms are used in the
language of the Bonds." *Id.* at *3.

Tri–State appealed, and on July 9, 2002,
this court certified the following question
to the New York Court of Appeals:

> In the circumstances presented, is a
> PEO, under New York law, a proper
> claimant under a labor and materials
> surety bond?

*Tri–State Employment Services, Inc. v.
Mountbatten Sur. Co., Inc.*, 295 F.3d 256,
269 (2d Cir.2002). On April 1, 2003, the
New York Court of Appeals answered the
certified question as follows:

> In the circumstances presented, under
> New York law, Tri–State Employment
> Services, Inc. is not a proper claimant
> under a labor and materials surety bond.

*Tri–State Employment Servs., Inc. v. The
Mountbatten Sur. Co., Inc.*, 99 N.Y.2d 476,
486, 758 N.Y.S.2d 595, 602, 788 N.E.2d
1023, 1030, Slip Op. 12563, 2003 WL
1700061 at *11 (2003). The Court of Ap-
peals expressly decided that "as a matter
of law [the plaintiff] was not a provider of
labor to the project," and therefore that
the plaintiff could not prosecute a claim
under the surety bond at issue. *Id.* at *10,
99 N.Y.2d at 484, 758 N.Y.S.2d at 599, 788
N.E.2d at 1027.

We have considered all of the plaintiff's
arguments and find them unavailing. Ac-

---

* The Honorable Carol B. Amon, United States
  District Judge for the Eastern District of New

York, sitting by designation.

cordingly, we AFFIRM the district court's grant of summary judgment to the defendant, for the reasons stated by the New York Court of Appeals.